UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx)<br>CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL.<br>CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants

Not Present                            Not Present

**Proceedings:** (In Chambers:) **PLAINTIFF CSI ELECTRICAL CONTRACTORS'S MOTION TO CONSOLIDATE CASES** (filed May 3, 2013) [No. 2:12-CV-10876, Dkt. No. 30; No. 2:12-CV-01757, Dkt. No. 33]

## I.   INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 3, 2013, is vacated, and the matter is hereby taken under submission.

On January 4, 2012, CSI Electrical Contracts, Inc. ("CSI") filed suit against Carbonlite Industries, LLC ("Carbonlite"), Bezner Analgen Und Maschinebau GmbH ("Bezner"), and Zimmer America Corporation ("Zimmer"), and Columbia Business Center LLC ("Columbia") in the Los Angeles Superior Court. In the operative first amended state court complaint, CSI asserts a single cause of action for unjust enrichment against Carbonlite only, related to extra work that CSI allegedly performed but for which it did not receive compensation.

On March 1, 2012, Carbonlite filed suit against Bezner, Bezner America LLC, Zimmer, and B and B America LLC ("B and B") in this Court. No. CV 12-1757 CAS, Dkt. No. 1 ("Carbonlite Federal Action"). On May 22, 2012, Carbonlite filed its first amended complaint ("Carbonlite FAC") naming only defendant Bezner and asserting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx)<br>CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL.<br>CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

claims for (1) breach of contract and (2) disgorgement of compensation pursuant to California Business & Professions Code § 7031(b). On June 12, 2012, Bezner filed a counterclaim against Carbonlite, asserting claims for (1) breach of contract, (2) quantum meruit, and (3) unjust enrichment. On March 21, 2013, the Court issued an amended scheduling order, setting a discovery cut-off date of October 1, 2013, a deadline of December 2, 2013 to file motions, and a pre-trial conference date of January 13, 2014.

On December 20, 2012, CSI filed suit against Zimmer and Bezner in this Court. No. CV 12-10876 CAS, Dkt. No. 1 ("CSI Federal Action"). On February 11, 2013, plaintiff filed its First Amended Complaint ("CSI FAC"). CSI asserts the following claims for relief: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) restitution for unjust enrichment. On March 25, 2013, the Court granted Zimmer's motion to dismiss without prejudice. On April 25, 2013, the parties' stipulated to dismiss Zimmer from this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). Bezner filed an answer to CSI's FAC on March 8, 2013. A scheduling conference has not yet taken place.

All of the above actions center around the construction and operation of a polyethylene terephthalate ("PET") recycling facility owned by Carbonlite in Riverside, California. In the Carbonlite Federal Action, Carbonlite alleges that it entered into a contract with Zimmer as the prime contractor for designing, supplying, and installing a fully operational "sorting module" for collecting and conveying plastic bottles within Carbonlite's facility. Carbonlite FAC ¶ 7. Thereafter, Bezner allegedly assumed all of Zimmer's contractual duties by entering into a subcontract with Zimmer. Id. ¶ 8. Carbonlite contends that Bezner and Zimmer breached their respective contracts by failing to properly design, manufacture, and install a "turn key" sorting module. Id. ¶ 10. On March 30, 2012, Zimmer assigned to Carbonlite all of its contractual rights against Bezner, and Carbonlite brings suit, in part, on the basis of this assignment. Id. ¶ 11.

Bezner, in its counterclaim in the Carbonlite Federal Action, alleges that Carbonlite issued a purchase order to Zimmer by which Zimmer agreed to supply a sorting module for Carbonlite's recycling facility. Counterclaim ¶ 5. Pursuant to this purchase order,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx) <br> CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL. <br> CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

Zimmer sub-contracted its entire performance to Bezner, whereby Bezner agreed to supply and assemble a pre-manufactured sorting module. Zimmer was to pay Bezner 504,895 Euros plus $3,016,098 for the module and installation. Id. ¶¶ 6–7. In October 2011, a dispute arose between Zimmer and Benzer regarding payments due under the contract and a separate General Agency Agreement. Id. ¶ 8. Thereafter, Carbonlite agreed to pay Bezner directly, rather than making payment through Zimmer. Id. Carbonlite allegedly breached the contract and its agreements with Bezner by failing to pay the entire contractual sum, as Bezner is still owed 78,226.76 Euros plus $446,664.29. Id. ¶¶ 10–11. In addition, Bezner allegedly performed additional work on the project not included within scope the original contract, for which Bezner contends it is owed at least an additional 447,017 Euros. Id. ¶ 12.

      In the CSI Federal Action, CSI alleges that it entered into a subcontract with Bezner to furnish and install electrical wiring systems, components, and services pursuant to the plans and specifications for the sorting module project. CSI FAC ¶ 14. During the course of CSI's performance on the project, it allegedly incurred extra work and related costs related to the design, engineering, and programming of the recycling machinery. Id. ¶ 18. CSI submitted multiple change order requests to Bezner, demanding to be reimbursed in the amount of $447,090 for the additional work it performed. Id. ¶ 19. The amount was ultimately reduced to $434,778. Id. As CSI continued to complete its work on the project, it submitted multiple invoices to Bezner. Id. ¶ 20. On November 1, 2011, CSI submitted its final invoice to Bezner in the amount of $447,090, while simultaneously issuing a demand for payment to both Bezner and Zimmer. Id. ¶¶ 20–21. Despite having fully performed all the conditions of its contract with Bezner, CSI alleges that neither Zimmer nor Bezner have fully paid CSI for the work it performed. To date, CSI claims Bezner owes it at least $545,766.[1]

---

[1] CSI also alleges the existence of the agreement between Carbonlite and Zimmer, whereby these parties agreed that Carbonlite would not pay Bezner's invoice due to problems with the recycling machinery that Bezner supplied. Carbonlite also agreed not to hold Zimmer financially responsible for any obligation to pay unpaid subcontractors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx)<br>CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL.<br>CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

On May 3, 2013, CSI filed a motion to consolidate the two federal actions presently pending before this Court. No. 12-cv-10876, Dkt. No. 30; No. 12-cv-1757, Dkt. No. 33. Carbonlite opposed the motion on May 13, 2013, and CSI filed a reply on May 20, 2013. Bezner has not filed a response to CSI's motion. After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Where two or more "actions before the court involve a common question of law or fact," a court has the discretion to join the actions for a hearing or trial for any or all matters at issue, or to consolidate the actions for all purposes. Fed. R. Civ. P. 42. See Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir. 1989) ("The threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law."). Separate trials may subsequently be ordered on "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Id. "The district court, in exercising its broad discretion to order consolidation of actions presenting a common issue of law or fact under Rule 42(a), weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," in addition to any prejudice that may result. Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

**III.    ANALYSIS**

Moving party CSI seeks an order consolidating these related cases and adopting the dates set forth in the Court's amended scheduling order issued on March 21, 2013 in the Carbonlite Federal Action. CSI contends that consolidation is appropriate chiefly because both cases arise out of the same project, involve the same contracts, and similar claims for breach of contract or unjust enrichment. As such, similar evidence will be necessary to prove the parties' claims in each case, including testimony and documentation with respect to the nature of the project, performance of the project, and obstacles that were encountered during performance of the respective contracts. This includes witnesses who will have to travel internationally to attend depositions and trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx)<br>CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL.<br>CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

Consolidation will also not cause confusion, prejudice, or inconvenience, CSI contends, as combining these cases will allow for more efficient scheduling of hearings, depositions, and trial. In fact, given the similarities between the two cases, CSI argues that not consolidating these actions could cause prejudice or confusion if inconsistent results are rendered. Finally, CSI contends that no delay will result, as CSI is willing to follow the scheduling order already in place in the earlier-filed Carbonlite Federal Action.

Carbonlite opposes CSI's motion to consolidate, arguing that prejudice, confusion of the issues, inconvenience, and a waste of judicial resources will result if these actions are consolidated. First, Carbonlite contends that consolidation will have the "practical effect of creating a multiplicity of actions," because CSI has already filed a state court complaint seeking recovery of the same funds that it claims it is owed by Bezner, or alternatively Carbonlite. This will cause prejudice to Carbonlite by forcing it to concurrently litigate state and federal actions. Second, Carbonlite contends that confusion of the issues will result, as demonstrated by the fact that CSI muddles the details of multiple contracts in its moving papers. Carbonlite's only contract is with Zimmer, who assigned its rights under a Zimmer-Bezner contract to Carbonlite. CSI's only contract, in contrast, is with Bezner. Carbonlite's claim is related to Bezner's alleged failure to provide a "fully functioning turn-key" sorting module, which has nothing to do with CSI's claims for extra work it allegedly performed under its contract with Bezner. Because of the complex web of relationships between the parties, Carbonlite contends that confusion of the issues is likely to result. Third, Carbonlite maintains that consolidation will cause inconvenience to the parties by forcing them to expend additional time and resources while CSI litigates its claims against Bezner in the CSI Federal Action—claims that are unrelated to Bezner and Carbonlite's claims against one another.

At the outset, the Court notes the basic alignment of the parties to the respective actions. In the federal actions, CSI and Carbonlite, respectively, are suing Bezner for breach of contract. However, the underlying contract in each action is different. CSI's claim is related to extra work it allegedly performed but did not receive payment for; Carbonlite's claim is for breach of the Zimmer-Bezner subcontract related to delivery of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10876 CAS (AJWx)<br>CV 12-01757 CAS (AJWx) | Date | May 22, 2013 |
|---|---|---|---|
| Title | CSI ELECTRICAL CONTRACTORS INC. V. ZIMMER AMERICA CORPORATION, ET AL.<br>CARBONLITE INDUSTRIES, LLC V. BEZNER ANALGEN UND MASCHINEBAU GMPH ET AL. | | |

"turn-key" sorting module. Bezner is also asserting a counterclaim against Carbonlite for breach of contract related to Carbonlite's payment obligations. These obligations, arise at least in part from an alleged contract between Carbonlite and Bezner. In the state action—which is not directly at issue on this motion—CSI is asserting a single claim for unjust enrichment against Carbonlite.

The Court concludes that these actions should not be consolidated at this time. Undoubtedly, multiple common issues of fact related to the purchase and installation of the sorting module at the Carbonlite recycling plant will be raised in the federal actions. Many of the same witnesses may be required in each case, although the portions of their testimony that are relevant will not be the same in each case. However, the fundamental issue is different in each case. CSI's claim against Bezner for additional work pertaining to its contract with Bezner is different in kind from Carbonlite's claim against Bezner for breach of its performance obligations under the Zimmer-Bezner contract. While reference to the relevant contracts in the related federal litigation may be needed in each case, the primary focus will be on the contracts between the parties to each separate federal action. Moreover, to the extent that coordination of some overlapping discovery appears to be warranted, this can be accomplished by the parties without the formal consolidation of the two cases before the Court.

**V.     CONCLUSION**

The Court is not convinced that consolidation of the actions in this situation would promote judicial economy in a fair and just manner, since the underlying factual basis of each parties' claims are different. Accordingly, the Court denies the motion to consolidate without prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |